Frank A. TREVINO and Sidelia
Trevino, Appellants

.v.

The CITY OF PEARLAND, Appellee

NO. 14-16-00298-CV

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed August 24, 2017

James P. Pennington, Richmond, TX, for Appellant.

Andrew M. Edison, Houston, TX, for Appellee.

Panel consists of Chief Justice Frost and Justices Donovan and Wise.

## OPINION

Kem Thompson Frost, Chief Justice

This appeal arises out of a dispute between a city and property owners in connection with the city's land acquisition. The owners of one piece of property conveyed a portion of their property to the city for an agreed-upon price. When the city and the property owners clashed over the amount the city would pay the owners for expenses related to the relocation of their business, litigation ensued. Both sides sought a declaratory judgment. After a jury trial on the amount the city agreed to pay the owners, and a bench trial on the attorney's fees, the trial court rendered judgment ordering the city to pay the owners the amount of relocation assistance to which the jury found that the city had agreed to pay, and the trial court awarded attorney's fees to the city. The owners appeal the award of attorney's fees and the trial court's refusal to award them attorney's fees, prejudgment interest, and costs. We affirm in part and reverse and remand in part.

### I. BACKGROUND

The City of Pearland was expanding Bailey Road from a two-lane road to a four-lane road with medians. The expansion required the City to acquire property along both sides of Bailey Road for about two and one-half miles. Anthony Vu, acquisition manager for the City, spearheaded the city's effort to acquire property for the City's public projects, including the expansion of Bailey Road (the "Bailey Road

Expansion"). Frank Trevino, the president and owner of Trevino Industries, and his wife, Sidelia Trevino, jointly owned a piece of property adjacent to Bailey Road. Vu wrote to Trevino, advising him that the City needed to acquire the Trevinos' property for the Bailey Road Expansion and, as part of the acquisition process, the City had hired an appraisal firm to appraise the Trevino property.

Seven months later, Integra Realty Resources provided Vu with the appraisal report it had prepared for the Trevino property. The amount of the property to be acquired was 6,108 square feet, about a thirty-foot strip of land adjacent to Bailey Road. Integra assigned the following values:

- $195,091 for the entire property;
- $19,299 for the acquisition parcel;
- $175,792 for the remainder before acquisition; and
- $50,028 for the remainder after acquisition.

As a result of the appraisal process, Integra recommended total compensation of $148,543, an amount derived by subtracting $50,028 (the remainder after the acquisition) from $175,792 (the remainder before the acquisition). The City retained Right-of-Way Solutions "for title, negotiation, and relocation assistance" related to the Bailey Road Expansion. Kevin Stephenson, a right-of-way specialist for Right-of-Way Solutions, wrote to the Trevinos, offering them $148,543 to acquire the 6,108 square feet.

The Trevinos submitted a "Relocation Assistance Request Approval Form" to the City. Trevino Industries, which had been located on Bailey Road for forty years, provided welding and repair services for

public utilities, the oil industry, and the construction industry. With the City's acquisition of a portion of the Trevinos' property, 18-wheel trucks bringing in equipment and materials no longer would have access to a metal building located on the portion of property not acquired by the City, and the Trevinos would have to move the business to a new location.

Frank Trevino wrote to Stephenson, requesting $150,715 for relocation assistance. Vu and Trevino met to discuss the items, which Trevino included in the $150,715 request for relocation assistance. Vu rejected the request. Then, Vu wrote to Trevino, on December 29, 2010, making the following offer for the amount of relocation assistance: "In reference to your bid estimates for relocation, the City has made an offer to assist you in your relocation efforts amount to [sic] $84,235.00 of which $15,985.00 is dependent on location of public utilities."

The Trevinos made a counteroffer of $227,712 for the price of the acquisition parcel. The City refused the Trevinos' counteroffer for the property, but Stephenson made a counteroffer of $161,827 on behalf of the City. The Trevinos accepted the counteroffer.

*Purchase Agreement for the Property*

The City and the Trevinos entered into a purchase agreement for the 6,108 square feet of property. The agreement did not mention assistance for relocation. According to Frank Trevino, he told Vu the agreement needed to state that the City was going to pay the Trevinos $84,235 for relocation assistance, plus an additional amount for "electrical work necessary to reinstall equipment at new location, plus underground wire from outside power source" based on new bids for that work.[1]

1. The electrical work was one of the items that the Trevinos included in their request for $150,715 for relocation assistance.

Trevino signed the document after Vu added the following sentence regarding relocation costs to the purchase agreement: "City will provide relocation assistance per letter dated 12-29-10."

A dispute arose between the City and the Trevinos over the amount the City agreed to pay the Trevinos for relocation assistance. The Trevinos claimed that Vu verbally agreed that the City would pay more than $84,235 in relocation assistance based on the bids for the electrical service.

Vu sent the Trevinos a letter reducing the amount of the relocation assistance that the City would pay the Trevinos: "Based on updated relocation estimates and other pertinent information, the City of Pearland has determined that $49,057.00 is the final amount that can be supported and is offered to you for relocation assistance." The Trevinos sought a meeting to inquire about the reduction of the City's $84,235 offer, "plus the new bids," to $49,057. At that meeting, the City ultimately reoffered the Trevinos $84,235, but the Trevinos rejected the offer.

### Declaratory-Judgment Claims

The City filed a petition for declaratory relief asserting that although the December 29, 2010 letter attached to the purchase agreement "required the City to pay, at most, $84,235.00 to the Trevinos for relocation expenses, the Trevinos are now demanding more than $200,000.00." The City asked the trial court to "declare that the Trevinos accepted the City's offer in accordance with its terms," and that the parties had entered into "a valid and enforceable contract." The City also requested the trial court to "declare that the City is contractually obligated to pay the Trevinos no more than $84,235.00 for relocation expenses." The City also sought to recover attorney's fees under the Declaratory Judgment Act.

The Trevinos brought a counterclaim for declaratory judgment, asking the trial court to declare "they are entitled to recover from the City relocation costs in an amount between $121,235 and $125,935 for moving the Trevinos' business to a new location."

### Breach-of-Contract Claim Against the City

The Trevinos also brought a counterclaim for breach of contract, alleging the City never tendered any amount to the Trevinos for the "agreed location costs, not even the amount the City alleged it had agreed to when it filed this lawsuit." The Trevinos sought attorney's fees based on their breach-of-contract claim against the City and under the Declaratory Judgments Act.

### Jury's Findings

The trial court charged the jury to answer a series of questions. In Question 1— "What did the City and [the Trevinos] agree to as relocation assistance?"—the court gave the jury three choices:

(1) "the City would pay no more than $84,235 for relocation assistance";

(2) "the City would pay $84,235 for relocation assistance"; or

(3) "the City would pay more than $84,235 for relocation assistance."

The jury answered that "the City would pay $84,235 for relocation assistance."

In Question 2 the trial court asked the jury whether the City failed to comply with the agreement. The jury answered "no." The trial court premised Question 4 on the jury's answer to Question 2, and asked the jury to decide the amount of cash that fairly and reasonably would compensate the Trevinos for the City's failure to comply with the agreement. The jury did not answer Question 4, thereby failing

to make any findings as to the Trevinos' damages.

## Post-Verdict Motions

The Trevinos filed a motion to disregard the jury's answers to Questions 2 and 4 and a motion for judgment notwithstanding the verdict (JNOV) in favor of the Trevinos on their breach-of-contract claim. Although the jury found in Question 1 that the City agreed to pay the Trevinos $84,235 for relocation costs, the jury nonetheless found that the City did not fail to comply with the agreement. The Trevinos argued that the trial court should disregard the jury's answer to Question 2 because undisputed evidence showed that the City did not pay the Trevinos any amount for relocation. The Trevinos also asserted that the trial court should disregard the jury's answer to Question 4 as immaterial and unnecessary because undisputed evidence established that the City never paid the Trevinos for relocation assistance and because the jury found in answer to Question 1 that the City agreed to pay the Trevinos $84,235 for relocation.

## Bench Trial on Attorney's Fees

The parties agreed to try the issue of attorney's fees in a bench trial. Before the bench trial commenced, the Trevinos filed a motion to exclude the City's evidence of attorney's fees under Texas Rule of Civil Procedure 193.6. See Tex. R. Civ. P. 193.6. At the bench trial on attorney's fees, the Trevinos twice objected to the admission of the City's evidence of attorney's fees on the ground that the City did not produce the information before trial. The trial court stated that it would take the Trevinos' objections under advisement.

The Trevinos also filed an application for attorney's fees, arguing that they were entitled to attorney's fees (1) under Chapter 38 of the Civil Practice and Remedies Code because they had prevailed on their breach-of-contract claim and (2) in the trial court's discretion under the Declaratory Judgments Act.

## The Final Judgment

The trial court signed a final judgment, declaring that "the City and the Trevinos entered into a valid and enforceable contract, and that, as part of that agreement, the City is contractually obligated to pay the Trevinos $84,235.00 for relocation assistance." The trial court further awarded the City reasonable and necessary attorney's fees in the amount of $62,010 under the Declaratory Judgments Act.[2] Offsetting the awards, the trial court ordered the City to pay the Trevinos $22,225 ($84,235 minus $62,101). The trial court also awarded the City various amounts as appellate attorney's fees, conditioned on an unsuccessful appeal by the Trevinos.

## The Post-Trial Motion

The Trevinos filed a motion to modify, correct, or reform the judgment. The Trevinos asserted that they were entitled to (1) prejudgment interest on $84,235, which the jury found to be the agreed-upon amount of relocation costs; (2) attorney's fees because they prevailed on their breach-of-contract claim; and (3) costs because, as the party recovering damages, they were the successful parties. The Trevinos' motion was overruled by operation of law, and the Trevinos timely appealed the trial court's final judgment.

2.  The trial court further ordered that the City will recover additional attorney's fees in the event that the Trevinos do not prevail on appeal to the court of appeals ($30,000), petition for review in the Supreme Court of Texas ($10,000), and briefing on the merits in the Supreme Court of Texas ($25,000).

## II. Issues and Analysis

In their first three issues, the Trevinos claim that the trial court erred by not awarding them attorney's fees, prejudgment interest, and costs. In their fourth issue, the Trevinos contend that the trial court erred by allowing the City to present evidence of attorney's fees because the City did not timely disclose information on its claim for attorney's fees.

### A. Did the Trevinos prevail on their breach-of-contract claim?

■ Our disposition of the Trevinos' first three issues (in which the Trevinos challenge the trial court's failure to award them attorney's fees on their breach-of-contract claim, prejudgment interest, and costs) turns on which side was the "prevailing party" at the jury trial on liability. The City argues that the jury found in favor of the City on Question 1 by finding that "the City would pay $84,235 for relocation assistance" because this "was the precise relief the City sought when it initiated the underlying action." Contrary to this assertion, the City sought a declaration that it "is contractually obligated to pay the Trevinos *no more than $84,235* for relocation expenses."[3] The City's request for a declaration that it did not have to pay the Trevinos "more than $84,235" left open the possibility that the City could pay the Trevinos less than $84,235. Therefore, the jury did not find in the City's favor on Question 1.

In their motion to disregard the jury's findings, the Trevinos asked the trial court to disregard the jury's finding to Question 2, in which the jury answered that the City had not failed to comply with the agreement, because it was undisputed that the City had failed to pay the Trevinos any amount for location assistance, and the

jury found in Question 1 that the City agreed to pay the Trevinos $84,235 for relocation assistance. The Trevinos further requested that the trial court disregard the jury's failure to award them damages in Question 4 since the jury's answer to that question was rendered immaterial and unnecessary because undisputed evidence established that the City never paid the Trevinos for relocation assistance.

The Trevinos alleged that the City breached the agreement on the payment of the relocation assistance by its failure to pay for the expense, and the jury found that the City agreed to pay $84,235. The trial court never issued a written ruling on the Trevinos' motion to disregard. But, when the trial court signed its final judgment, the trial court awarded the Trevinos $84,235, thereby implicitly granting the Trevinos' motion to disregard the jury's answers to Questions 2 and 4. *See Well Solutions, Inc. v. Stafford*, 32 S.W.3d 313, 316 (Tex. App.—San Antonio 2000, no pet.) ("A ruling is implicit if it is unexpressed but capable of being understood from something else."). Because the $84,235 award to the Trevinos can be interpreted as an award only for its breach-of-contract claim, we conclude that the Trevinos are the prevailing parties on their breach-of-contract claim.

### B. Did the trial court err by not awarding the Trevinos attorney's fees when the trial court awarded the Trevinos damages on their breach-of-contract claim?

In their first issue, the Trevinos contend that because they prevailed on their breach-of-contract claim, the trial court erred by not awarding them attorney's fees.

---

3. Emphasis added.

A party may recover attorney's fees only when permitted by statute or contract. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006). Section 38.001(1) provides for an award of reasonable and necessary attorney's fees to a party prevailing on a claim for breach of contract. Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (West 2015); *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 666 (Tex. 2009); *see also State Farm Lloyds v. Hanson*, 500 S.W.3d 84, 97 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). To recover reasonable and necessary attorney's fees under section 38.001, a party must prevail on a breach-of-contract claim and recover damages. *Ventling v. Johnson*, 466 S.W.3d 143, 154 (Tex. 2015); *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997). Under section 38.001, the trial court has no discretion to deny attorney's fees if there is proof of reasonable and necessary fees. *Ventling*, 466 S.W.3d at 154.

The trial court awarded the Trevinos $84,235 on their breach-of-contract claim. An award of attorney's fees must be supported by evidence that the fees are reasonable and necessary. *State Farm Lloyds*, 500 S.W.3d at 97. The Trevinos presented evidence of reasonable and necessary attorney's fees at the bench trial. We sustain the Trevinos' first issue and remand this portion of the case to the trial court to determine the amount of reasonable and necessary attorney's fees to award the Trevinos. *See Gill Sav. Ass'n v. Chair King, Inc.*, 797 S.W.2d 31, 32 (Tex. 1990) (per curiam) (holding that there was some evidence to support the award of attorney's fees and remanding case for retrial of appellate attorney's fees under section 38.001); *see also Ventling*, 466 S.W.3d at 154 (stating that the trial court has no discretion to deny attorney's fees to the prevailing party under section 38.001 when presented with evidence of reasonable fees).

## C. Did the trial court err by not awarding the Trevinos prejudgment interest on the damages award?

In their second issue, the Trevinos contend that the trial court erred by failing to award them prejudgment interest on the $84,235 award.

"Prejudgment interest is compensation allowed by law as additional damages for lost use of money due as damages during the lapse of time between the accrual of the claim and the date of judgment." *Ventling*, 466 S.W.3d at 153 (internal quotations and citations omitted). An award of prejudgment interest serves two purposes: (1) encouraging settlements and (2) expediting settlements and trials by removing incentives for defendants to delay without creating such incentives for plaintiffs. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 529 (Tex. 1998).

Texas law provides two legal sources for prejudgment interest: (1) general principles of equity and (2) enabling statutes. *Id.* at 528. Statutory provisions for prejudgment interest apply only to cases involving claims of wrongful death, personal injury, property damage, and condemnation. *Miller v. Debo Homes, Inc.*, No. 14-15-00004-CV, 2016 WL 5399507, at *4 (Tex. App.—Houston [14th Dist.] Sept. 27, 2016, no pet.) (mem. op.). Because the Trevinos' breach-of-contract claim does not fall within any enabling statute, equitable principles govern the award of prejudgment interest. *See Hand & Wrist Ctr. of Houston, P.A. v. Republic Servs., Inc.*, 401 S.W.3d 712, 717 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

When no statute controls, the decision to award prejudgment interest falls

within the trial court's discretion. *Id.* We review the trial court's decision on an award of prejudgment interest under an abuse-of-discretion standard, giving limited deference to the trial court's application of the law to the facts. *Marsh v. Marsh,* 949 S.W.2d 734, 744 (Tex. App.—Houston [14th Dist.] 1997, no writ.).

■ The City argues that the Trevinos refused to accept the disputed relocation assistance money.[4] The City posits that, to the extent the Trevinos had to wait until the conclusion of the underlying trial to receive the relocation money, the delay cannot be attributed to the City. Therefore, according to the City, the trial court did not abuse its discretion by rejecting the Trevinos' request for prejudgment interest.

The Trevinos maintain that the City's delay in payment, and the City's telling the Trevinos that the City had decided to pay only $49,057, instead of the $84,235 agreed amount, weighs in favor of awarding prejudgment interest. Undisputed evidence showed the City owed the Trevinos relocation assistance. The City admitted that it never sent a check to the Trevinos for any amount, though Vu stated that he did not send a check to the Trevinos because the Trevinos did not want $84,235. Frank Trevino testified that he believed the agreement with the City was that the City would pay the Trevinos above and beyond the $84,235 when they had received new electrical bids.

Given this dispute over the amount of relocation assistance the City agreed to pay the Trevinos, we conclude that the Trevinos are entitled to prejudgment interest, and the trial court abused its discretion by denying it. We sustain the

Trevinos' second issue and remand this portion of the case to the trial court to determine the amount of prejudgment interest to award the Trevinos.

## D. Did the trial court abuse its discretion by failing to award the Trevinos costs?

■ In their third issue, the Trevinos assert that the trial court erred by failing to award them costs. Under Texas Rule of Civil Procedure 131, "[t]he successful party shall recover of his adversary all costs incurred therein, except where otherwise provided." Tex. R. Civ. P. 131. Taxing costs against a successful party in the trial court "generally contravenes Rule 131." *Furr's Supermarkets, Inc. v. Bethune,* 53 S.W.3d 375, 376 (Tex. 2001). A "successful party" is "one who obtains judgment of a competent court vindicating a civil right or claim." *City of Houston v. Woods,* 138 S.W.3d 574, 581 (Tex. App.—Houston [14th Dist.] 2004, no pet.). We review the award of costs under an abuse-of-discretion standard. *See Furr's Supermarkets, Inc.,* 53 S.W.3d at 376.

■ Because the Trevinos prevailed on their breach-of-contract claim against the City, they were successful parties. Texas Rule of Civil Procedure 141 provides that the trial court "may, for good cause to be stated on the record, adjudge the costs otherwise than provided by law or these rules." Tex. R. Civ. P. 141. The Trevinos were entitled to be awarded costs unless the trial court found good cause to deny recovery of costs. Because the trial court neither awarded the Trevinos costs nor stated any good cause that would justify not awarding costs, the trial court abused its discretion by failing to award costs.

---

4. The City also contends that the Trevinos are not entitled to prejudgment interest because they did not prevail at trial. We conclude, as

addressed above, that the Trevinos prevailed on their breach-of-contract claim.

We sustain the Trevinos' third issue and remand this portion of the case to the trial court with the instruction to award the Trevinos court costs.

### E. Did the trial court abuse its discretion by awarding the City attorney's fees?

In their fourth issue, the Trevinos contend that the trial court erred by awarding attorney's fees to the City under section 37.009 because the only evidence supporting the award of attorney's fees should have been excluded for failure to timely disclose.

As an initial matter, the City argues that the Trevinos waived this issue for review because they did not get a ruling from the trial court on their motion or their objections, and the trial court did not refuse to rule on their objections.

Texas Rule of Civil Procedure 193.5 requires that a party amend or supplement its response to discovery when it learns that its response to written discovery was incomplete or incorrect when made. Tex. R. Civ. P. 193.5(a). A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce into evidence material or information not timely disclosed unless the court finds either (1) good cause for the failure to timely make, amend, or supplement the discovery response or (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other party. Tex. R. Civ. P. 193.6(a). The City had the burden to demonstrate good cause or the lack of unfair surprise or unfair prejudice, and the record must support such findings. See id. 193.6(b). We review a trial court's ruling under Rule 193.6 for an abuse of discretion. See Sprague v. Sprague, 363 S.W.3d 788, 798 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).

To preserve a complaint for appellate review, the party must present the complaint to the trial court and secure an express or implicit ruling from the court. Tex. R. App. P. 33.1(a). An implicit overruling is one that, though unspoken, reasonably can be inferred from something else. Well Solutions, Inc., 32 S.W.3d at 316; see also Hardman v. Dault, 2 S.W.3d 378, 381 (Tex. App.—San Antonio 1999, no pet.) (stating that when the ruling of the court is implicit by its actions, no express ruling is required).

The Trevinos presented their argument in their motion to exclude the City's evidence on attorney's fees under Texas Rule of Civil Procedure 193.6 because the City did not timely disclose or produce information related to its claim for attorney's fees. The Trevinos asserted the following:

- The City did not timely identify any amount of attorney's fees it would seek to recover or any opinion regarding fees from its designated attorney's-fees expert in response to requests for disclosure;
- The City did not timely disclose any opinions that the City would offer by its attorney's-fees expert in its designation of experts; and
- The City did not timely produce billing statements from any attorney's-fees expert in response to document requests.

The Trevinos also objected to all of the City's evidence on attorney's fees because the City failed to timely produce information related to that claim. The trial court took the Trevinos' objections under advisement. The record contains no express ruling on the objections.

The trial court awarded the City attorney's fees in the final judgment.

The Trevinos argue that by awarding the City attorney's fees, the trial court implicitly denied the Trevinos' motion and overruled their objections at the bench trial. A trial court's judgment determining the merits of a party's request for attorney's fees in a bench trial and a trial court's ruling on objections to the admissibility of evidence submitted in support of that request are neither alternatives nor concomitants. *See Well Solutions, Inc.*, 32 S.W.3d at 317. A trial court's ruling on one does not imply a ruling on the other. *See id.*; *Dolcefino v. Randolph*, 19 S.W.3d 906, 925–27 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). In short, a trial court's ruling on objections to evidence at a bench trial or on a motion to exclude this evidence is not implicit in its judgment on the merits after the bench trial; it is not reasonable to conclude that the trial court sustained or overruled the objections or granted or denied the motion to exclude based on the trial court's judgment on the merits. *See Well Solutions, Inc.*, 32 S.W.3d at 317; *Dolcefino*, 19 S.W.3d at 925–27. Thus, it is not reasonable to conclude that by awarding the City attorney's fees the trial court implicitly denied the Trevinos' motion to exclude or overruled their objections. *See Well Solutions, Inc.*, 32 S.W.3d at 317; *Dolcefino*, 19 S.W.3d at 925–27; *see also Wrenn v. G.A.T.X. Logistics, Inc.*, 73 S.W.3d 489, 498 (Tex. App.—Fort Worth 2002, no pet.) ("When we cannot determine what implied ruling is to be inferred, we cannot expect the parties to be able to do so."). Because the Trevinos failed to secure a ruling, they waived the objections. *See Neely v. Comm'n for Lawyer Discipline*, 302 S.W.3d 331, 340 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *Chapman Children's Trust v. Porter & Hedges, L.L.P.*, 32 S.W.3d 429, 436 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

The trial court may award reasonable and necessary attorney's fees "as are equitable and just." *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 2015). An award of attorney's fees under section 37.009 is within the discretion of the trial court and does not depend on a finding that a party substantially prevailed. *Barshop v. Medina Cty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 637 (Tex. 1996). A trial court's award of reasonable and necessary attorney's fees under section 37.009 to a non-prevailing party is not in itself an abuse of discretion and may be upheld on appeal if the trial court did not abuse its discretion in determining that this award is equitable and just in light of all the circumstances. *See City of Houston v. Soriano*, No. 14-05-00161-CV, 2006 WL 2506388, at *6 (Tex. App.—Houston [14th Dist.] Aug. 29, 2006, pet. denied) (mem. op.).

Nonetheless, this court has determined that the Trevinos are entitled to prejudgment interest, attorney's fees under Chapter 38, and court costs and that the Trevinos are the prevailing parties on their breach-of-contract claim. Because our disposition on appeal substantially affects the trial court's judgment, reversal of the trial court's attorney's-fees awards in the City's favor is warranted so that on remand the trial court can address what reasonable and necessary attorney's fees, if any, should be awarded against the Trevinos and in favor of the City under the Declaratory Judgments Act in light of all the circumstances, including the relief granted in the trial court's judgment on remand. *See Allstate Cnty. Mut. Ins. Co. v. Wootton*, 494 S.W.3d 825, 839 (Tex. App.—Houston [14th Dist.] 2016, pet. filed). Therefore, we reverse the attorney's-fee awards in favor of the City and remand for the trial court to determine, in light of all the circumstances, whether it is equitable

and just to award the City reasonable and necessary attorney's fees under the Declaratory Judgments Act, and if so, what amount of reasonable and necessary attorney's fees should be awarded against the Trevinos and in favor of the City under the Declaratory Judgments Act.

### III. Conclusion

We reverse the trial court's judgment to the extent that it fails to award the Trevinos attorney's fees, prejudgment interest, and court costs, and we reverse the trial court's attorney's-fee awards in favor of the City under the Declaratory Judgments Act. We affirm the remainder of the judgment and remand the case to the trial court for further proceedings consistent with this opinion.