**Motions Disposed, Appeal Dismissed, and Memorandum Opinion filed October 31, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00545-CV

---

## SILVA  RUBIO, Appellant

## V.

## HARRIS COUNTY, HARRIS COUNTY DEPARTMENT OF EDUCATION, PORT OF HOUSTON AUTHORITY OF HARRIS COUNTY, HARRIS COUNTY FLOOD CONTROL DISTRICT, HARRIS COUNTY HOSPITAL DISTRICT, CITY OF HOUSTON, HOUSTON INDEPENDENT SCHOOL DISTRICT, HOUSTON COMMUNITY COLLEGE SYSTEM, AND ALDINE INDEPENDENT SCHOOL DISTRICT, Appellees

---

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-27216**

---

## M E M O R A N D U M   O P I N I O N

Appellees filed a motion to dismiss this appeal for lack of jurisdiction, contending the notice of appeal was untimely. Appellant responded to the motion, including a request for attorneys' fees in his response, and filed an amended notice

of appeal. Appellees filed a motion and a supplemental motion strike the amended notice of appeal. We grant the motion to dismiss, deny the motions to strike, deny appellant's request for attorneys' fees, and dismiss the appeal for lack of jurisdiction.

## BACKGROUND

Appellees are various governmental units ("the Taxing Units") that sued Derrick Mendoza (not a party on appeal) for delinquent ad valorem taxes on a parcel of real property. *See* Tex. Tax Code Ann. § 33.41. In 2013, the trial court signed a final judgment in favor of the Taxing Units, a provision of which foreclosed the property at issue and ordered it sold. The property was sold at a constable's sale in April 2015, and the excess proceeds from the sale were deposited into the court's registry. As permitted by the Tax Code, portions of the excess proceeds were distributed to the Taxing Units in late 2015 to account for taxes that accrued between the date of the judgment and the date of the sale. *See id.* § 34.04 (governing claims for excess proceeds from court-ordered sales). The Taxing Units filed motions in late 2018 for the remaining excess proceeds to be distributed pro rata to them.[1]

In January 2019, while the Taxing Units' motions were pending, appellant Silva Rubio[2] intervened in the suit, alleging she, not Mendoza, owned the property in question at the time of its sale. She objected to the Taxing Units' motions for distribution of the remaining excess proceeds and asked the court to order the Taxing Units to pay her the total amount received from the sale of the property.

---

[1] The record reflects Mendoza, the alleged property owner, appeared and made a claim for the excess proceeds in October 2017. No ruling on that claim appears in the record, and the claim does not appear to be at issue in this appeal.

[2] Rubio is alternately referred to as Silva and Silvia. Her petition in intervention and notice of appeal both refer to her as Silva, so we shall as well.

A master in chancery heard the Taxing Units' motions. *See id.* § 33.71(a) (permitting trial court to appoint master in chancery in delinquent tax suits). The master in chancery signed a report on March 22, 2019 recommending the Taxing Units' motions be granted. Rubio timely appealed that recommendation to the trial court. *See id.* § 33.74(a) (permitting appeal of master's report to trial court within 10 days after master gives notice of report).

On May 10, 2019, the trial court signed an order granting the motions ("the Excess Proceeds Order").[3] Rubio filed a notice of appeal from that order on July 10, 2019. Also on July 10, the trial court signed an order ("the Order Denying Reconsideration") that states in its entirety:

> The Court considered Silvia [sic] Rubio's Appeal of the March 22, 2019 Recommendation of the Master and Motion for Reconsideration of the May 10, 2019 Order to Disburse Excess Proceeds. After considering the Appeal, the Motion, the record of this case, and the Responses of the other parties, the Court is of the opinion that:
>
> 1. The Master's Recommendation dated March 22, 2019 on Intervenors' [sic][4] Petition to Withdraw Remaining Excess Proceeds is affirmed; and
>
> 2. The Motion for Reconsideration is denied.

On July 25, 2019, Rubio filed an amended notice of appeal from both the Excess Proceeds Order and the Order Denying Reconsideration.

---

[3] The orders at issue in this appeal were signed by the Honorable Tonya Garrison, who took the office of judge of the 157th District Court on January 1, 2019. The final judgment and pre-2019 orders were signed by the Honorable Randy Wilson, former judge of the 157th District Court.

[4] One of the Taxing Units, Aldine Independent School District, joined the suit as an intervenor rather than an original plaintiff. It appears "Intervenors' Petition to Withdraw Remaining Excess Proceeds" as used in the order refers to the requests filed by Aldine and the other Taxing Units, because Rubio, also an intervenor, did not file a motion for withdrawal of the excess proceeds.

ANALYSIS

An order that directs excess proceeds be paid to a party is appealable. *Id.* § 34.04(e); *Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 764 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Generally, a notice of appeal must be filed within 30 days after the judgment (here, the Excess Proceeds Order) is signed. Tex. R. App. P. 26.1 The deadline is extended to 90 days after the judgment is signed if any party timely files a motion for new trial. *See* Tex. R. App. P. 26.1(a). A motion for new trial must be in writing and filed within 30 days after the judgment is signed to be timely. Tex. R. Civ. P. 320 (in writing); Tex. R. Civ. P. 329b(a) (30 days).

The deadline may be further extended by 15 days if the appealing party files a motion to extend time to file the notice of appeal. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the 15-day grace period provided for filing a motion for extension of time. *See* Tex. R. App. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (1997) (construing the predecessor to Rule 26).

The Excess Proceeds Order was signed May 10, 2019. The thirtieth day after May 10, 2019 was Sunday, June 9, 2019. If the day by which an act must be done is a Saturday, Sunday, or legal holiday, the deadline is extended to the end of the next day that is not a Saturday, Sunday, or legal holiday. Tex. R. Civ. P. 4.1(b). Accordingly, the deadline to file a motion for new trial or notice of appeal was Monday, June 10, 2019.

No motion for new trial appears in the record. The district clerk has certified that she is unable to locate any such motion in the case file. The trial court's order of July 10, 2019 ruled on appellant's "Motion for Reconsideration of the [Excess

Proceeds Order],"[5] but does not indicate when the motion was filed or whether it was in writing. Though we may suspend the operation of a rule of appellate procedure for good cause, we may not alter the time for perfecting an appeal in a civil case. Tex. R. App. P. 2. Jurisdiction of a court is never presumed, and if the record does not affirmatively demonstrate the appellate court's jurisdiction, the appeal must be dismissed. *Miller v. Greenpark Surgery Ctr. Assocs., Ltd.*, 974 S.W.2d 805, 806 (Tex. App.—Houston [14th Dist.] 1998, no pet.). Therefore, we may not presume the motion sufficed to extend the deadline to file the notice of appeal from 30 days to 90 days, because to do so would be to presume we have jurisdiction.

Appellant contends his amended notice of appeal, filed July 25, 2019, is timely because it complains of the Order Denying Reconsideration (signed July 10, 2019) in addition to the Excess Proceeds Order. The Order Denying Reconsideration states two rulings: (1) the master in chancery's recommendation is affirmed, and (2) appellant's motion for reconsideration of the Excess Proceeds Order is denied. We address each in turn.

The master recommended the Taxing Units' motions for withdrawal of the remaining excess proceeds be granted. The trial court did just that in the Excess Proceeds Order. The Excess Proceeds Order implicitly disposed of appellant's appeal of the master's recommendation. An implicit ruling is one that, though unspoken, reasonably can be inferred from something else. *See Trevino v. City of Pearland*, 531 S.W.3d 290, 299 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

---

[5] For the sake of argument, we construe a motion for reconsideration of the Excess Proceeds Order as a motion for new trial for purposes of extending the deadline to file a notice of appeal. *Cf. Padilla v. LaFrance*, 907 S.W.2d 454, 458 (Tex. 1995) (concluding motion for reconsideration of order on appeal was equivalent to motion to modify judgment for purposes of extending appellate deadline).

As a result, the statement in the Order Denying Reconsideration affirming the master's recommendation is superfluous and does not create a new basis for appeal.

The Order Denying Reconsideration is not independently appealable. Rather, the appealable order is the Exceeds Proceeds Order. *See Morris v. Wells Fargo Bank, N.A.*, No. 01-19-00610-CV, 2019 WL 4677365, at *1 (Tex. App.—Houston [1st Dist.] Sept. 26, 2019, no pet. h.) (mem. op.) (per curiam). The time for filing a notice of appeal runs from the signing of the judgment, not the subsequent denial of a motion for new trial. *Id.* As stated above, the record does not contain a written, timely motion for new trial, so the deadline to appeal was 30 days after the judgment was signed. Tex. R. App. P. 26.1.

We conclude the operative notice of appeal is the one filed July 10, 2019. That notice of appeal was not filed within 45 days of the date the judgment was signed (30-day standard period plus the 15-day grace period). Therefore, appellant did not timely perfect this appeal. A court of appeals lacks jurisdiction to hear an appeal that was not timely perfected. When the court lacks jurisdiction, it must dismiss the appeal. *See Baker v. Baker*, 469 S.W.3d 269, 272 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

Appellant's response to the motion to dismiss includes a request for an award of at least $800 in attorneys' fees incurred in responding to the motion to dismiss. We deny his request.

We grant appellees' motion to dismiss, deny their motion and supplemental motion to strike the amended notice of appeal, and dismiss this appeal for lack of jurisdiction.

PER CURIAM

Panel Consists of Justices Christopher, Spain, and Poissant