

# NUMBER 13-22-00030-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CHRISTOPHER SHAUN PRATT,                                        Appellant,

v.

THE STATE OF TEXAS FOR THE
PROTECTION OF TAHANA PRATT-LOPEZ,                    Appellee.

## On appeal from the 274th District Court
## of Comal County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Silva
Memorandum Opinion by Justice Longoria**

Appellant Christopher Shaun Pratt appeals the trial court's denial of his "Motion to

Dismiss for Lack of Jurisdiction, and Motion to Set Aside a Void Order, and Alternatively,

Motion to Dismiss Protective Order Due to Death of Applicant." In two issues, appellant

argues that the default family violence protective order (1) was void because the trial court

did not have subject matter jurisdiction and (2) alternatively, was "extinguished" upon the death of the applicant. We affirm.[1]

## I.     BACKGROUND

On May 16, 2019, the State filed its "Application for Protective Order" pursuant to Chapter 85 of the Texas Family Code, seeking a protective order and a temporary ex parte order for the protection of Tahana Pratt-Lopez. The application alleged that Tahana and appellant were mother and son. In its "grounds for application" section, the application incorporated by reference two attached affidavits by Richard Britz and Marie Noblett. Notably, Britz's affidavit averred that he was a paramedic and had assisted Tahana and her husband Ignacio Lopez in the course of his employment. In his affidavit, Britz stated that appellant was sentenced to six years confinement on November 7, 2018, after having been convicted of three counts of injury to the elderly for assaulting Tahana and Ignacio.[2] The application also included three attached judgments of conviction indicating that appellant pleaded guilty to three counts of injury to the elderly, a third-degree felony, and was assessed six years confinement as to each count. *See* TEX. PENAL CODE ANN. § 22.04(f).

On August 30, 2019, the trial court signed and entered its "Default Family Violence

---

[1] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] In his affidavit, Britz further averred that Tahana had symptoms consistent with dementia and had "no basis in reality." Britz stated that he had been called out to Tahana and Ignacio's house multiple times in March 2019, and was told that "[Appellant] was on his way out of prison" and that appellant had been calling Ignacio "non-stop" on the phone. Britz overhead appellant yell at Ignacio on the phone, "curse, call [Ignacio] names, and be very threatening." Appellant was "very clear that [Tahana and Ignacio] needed to get him parole so he could come home," and appellant "said that when he got out of prison that [Tahana's and Ignacio's] house would be the first place that he will go." Britz further noted that he received a call from Ignacio at 2:00 a.m. on May 1, 2019, because Tahana had fallen, and Ignacio had told him that appellant had still been calling multiple times a day.

Protective Order" (default protective order). In particular, the order stated the following:

> The Court finds, under Chapter 85 of the Family Code, that family violence has occurred and is likely to occur again in the future and that the [appellant] has committed family violence and the following orders are necessary for the safety, welfare, and protection of Tahana Pratt-[L]opez and the members of her family and household.
>
> . . . .
>
> IT IS ORDERED that this Chapter 7A Protective Order shall continue in full force and effect for the duration of the lifetimes of both applicant[ Tahana] and [appellant].

The default protective order also included multiple conditions that were expressly for the protection of Tahana and Ignacio.

On September 13, 2021, appellant filed his "Motion to Dismiss for Lack of Jurisdiction and Motion to Set Aside a Void Order" (original motion to vacate). In said filing, appellant alleged that the trial court was without jurisdiction to "grant the State's relief under Chapter 7A since the relief sought was not pled in [the State's] Application [for Protective Order] and [appellant] had not been convicted of or placed o[n] deferred adjudication community supervision for the offense[s] enumerated under Art. 7A.01 of Chapter 7A." *See* TEX. CODE CRIM. PROC. ANN. ch. 7B.[3] Appellant requested that the trial court "dismiss the pending proceedings and set aside the [default protective order]."

On October 22, 2021, the State filed its "Motion for Judgment Nunc Pro Tunc" pursuant to Rule 316 of the Rules of Civil Procedure. *See* TEX. R. CIV. P. 316. The State's

---

[3] Chapter 7A of the Texas Code of Criminal Procedure was repealed by the Texas Legislature in 2019, and its provisions were recodified without substantive amendment in Chapter 7B, which took effect on January 1, 2021. *See* Act of May 21, 2019, 86th Leg., R.S., ch. 469, § 4.01, 2019 Tex. Gen. Laws 1065, 1152 ("This Act is intended as a codification only, and no substantive change in the law is intended by this Act.").

motion alleged that the default protective order "contains a clerical error in that the order states the incorrect type of protective order on the duration of the order paragraph[:] The order reads Chapter 7A Protective Order instead of Family Violence Protective Order." The State sought to correct the alleged clerical error and requested the trial court to grant the motion and sign a judgment nunc pro tunc.

On October 25, 2021, appellant filed his "Supplemental Motion to Dismiss for Lack of Jurisdiction and Motion to Set Aside a Void Order and Alternatively, Motion to Dismiss Protective Order Due to Death of Applicant" (supplemental motion to vacate). In said filing, appellant alleged that the State was without standing to file its application for protective order without Tahana's consent. In addition, appellant requested in the alternative for the default protective order to be dismissed on the basis that the order was "extinguished" upon the death of Tahana on November 16, 2019.

At a hearing on October 28, 2021, the trial court heard arguments by the parties regarding appellant's original and supplemental motions to vacate, as well as the State's motion for judgment nunc pro tunc. A death certificate, indicating that Tahana had passed away on November 16, 2019, was admitted into evidence. The trial court did not make a ruling regarding any of the matters discussed during the hearing.

On November 19, 2021, the trial court signed its "Order on State's Motion for Judgment Nunc Pro Tunc". The order stated the following:

> After considering State['s] Motion for Judgment Nunc Pro Tunc, [appellant]'s response, if any, and argument by the parties, the Court GRANTS the State['s] motion and hereby ORDERS that the Default[ ]Protective Order be amended as follows: The Order referencing the Chapter 7A Protective Order is struck from the Default[ ]Protective Order.

4

It is ORDERED that all other conditions of the Default[ ]Protective Order signed on August 30, 2019[,] are still valid and in effect.

Appellant appealed.

## II.  JURISDICTION

As a threshold issue, the State contends we do not have jurisdiction to review appellant's issues. "Appellate jurisdiction is never presumed." *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 546 (Tex. App.—Dallas 2009, no pet.). "Unless the record affirmatively shows the propriety of appellate jurisdiction, we must dismiss." *Id.*

### A.    Appellant's Notice of Appeal was Timely

The State points out that appellant's notice of appeal was filed over two years after the default protective order was entered and argues that appellant cannot attack a void judgment in an untimely appeal.

Generally, appellate courts have jurisdiction only over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). And in civil cases, a notice of appeal must generally be filed within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. A family-violence protective order that gives injunctive relief and disposes of all issues and parties is a final, appealable order. *Ulmer v. Ulmer*, 130 S.W.3d 294, 296 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *see Vongontard v. Tippit*, 137 S.W.3d 109, 110 (Tex. App.—Houston [1st Dist.] 2004, no pet.). The Texas Rules of Civil Procedure provide that a trial court has plenary power for thirty days after the judgment is signed to grant a new trial or to vacate, modify, correct, or reform the judgment. *See* TEX. R. CIV. P. 329b(d). After the trial court's plenary power expires, the

5

trial court normally cannot set its judgment aside except by a bill of review for sufficient cause. *See id.* R. 329b(f).

However, "[u]nlike general civil judgments . . . Chapter 85 extends a trial court's jurisdiction over protective orders issued under that chapter for the limited purpose of reviewing a request to determine whether there is a continuing need for the order." *Jackson v. Cave*, 632 S.W.3d 107, 107 (Tex. App.—El Paso, 2021 no pet.). Section 85.025 provides in relevant part:

> (b)    A person who is the subject of a protective order may file a motion *not earlier than the first anniversary of the date on which the order was rendered* requesting that the court review the protective order and determine whether there is a continuing need for the order.
>
> (b-1)  Following the filing of a motion under Subsection (b), a person who is the subject of a protective order . . . that is effective for a period that *exceeds two years* may file *not more than one subsequent motion* requesting that the court review the protective order and determine whether there is a continuing need for the order. *The subsequent motion may not be filed earlier than the first anniversary of the date on which the court rendered an order on the previous motion* by the person.
>
> (b-2)  After a hearing on a motion under Subsection (b) or (b-1), if the court does not make a finding that there is no continuing need for the protective order, the protective order remains in effect until the date the order expires under this section. Evidence of the movant's compliance with the protective order does not by itself support a finding by the court that there is no continuing need for the protective order. *If the court finds there is no continuing need for the protective order, the court shall order that the protective order expires on a date set by the court.*

TEX. FAM. CODE ANN. § 85.025(b), (b-1), (b-2) (emphasis added). Thus, § 85.025 extends a trial court's plenary power and permits the trial court to vacate an existing protective order. *See id.* In order to invoke the trial court's extended plenary power for the purpose

of determining whether there is a continuing need for the protective order, a movant must demonstrate as a threshold matter as follows: (1) the protective order was rendered at least one year before the motion was filed; and (2) if the duration of the protective order exceeds two years, no more than one previous motion to vacate has been filed and ruled upon the trial court. TEX. FAM. CODE ANN. § 85.025(b), (b-1); *see Jackson*, 632 S.W.3d at 107.

In this case, the default protective order was rendered more than two years before appellant's motions to vacate were filed; the duration of the default protective order exceeds two years; and the trial court had not previously ruled on any filed motion to vacate pursuant to § 85.025(b). Thus, appellant's original and supplemental motions to vacate—which argued in part that there was no continuing need for the protective order because of Tahana's death—timely and properly invoked the trial court's extended plenary power under § 85.025(b). *See Jackson*, 632 S.W.3d at 107. Furthermore, appellant timely filed a notice of appeal after the trial court entered its order granting the State's motion for judgment nunc pro tunc and implicitly denying appellant's motions to vacate the default protective order.[4] *See* TEX. R. APP. P. 4.3(a) ("If a judgment is modified

---

[4] While the November 19, 2021 order does not explicitly reference appellant's supplemental motion to dismiss, we look to the entire substance of the order in construing it. *See In re Alsenz*, 152 S.W.3d 617, 621 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citing *Surgitek, Bristol–Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex.1999)). The November 19, 2021 order states: "It is ORDERED that all other conditions of the Default[ ]Protective Order signed on August 30, 2019[,] *are still valid and in effect*." (Emphasis added). Given this language in the order, we hold that the November 19, 2021 order not only granted the State's motion for judgment nunc pro tunc, but implicitly denied appellant's supplemental motion to vacate by which appellant alleged that the order was void, or alternatively, "extinguished" upon Tahana's death. *See Trevino v. City of Pearland*, 531 S.W.3d 290, 299 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (noting that an implicit ruling is "one that, though unspoken, reasonably can be inferred from something else"); *Thomas v. Long*, 207 S.W.3d 334, 339–40 (Tex. 2006) ("Because a trial court cannot reach the merits of a case without subject matter jurisdiction, a trial court that rules on the merits of an issue without explicitly rejecting an asserted jurisdictional attack has implicitly denied the jurisdictional challenge." (citation omitted)).

in any respect while the trial court retains plenary power, a period that, under these rules, runs from the date when the judgment is signed will run from the date when the modified judgment is signed.").

**B.      Appellate Review is Not Limited in the Manner Suggested by the State**

The State also argues that we only have jurisdiction regarding the trial court's grant of the State's motion for judgment nunc pro tunc. We observe that the issues raised in appellant's brief do not pertain to the trial court's grant of the State's motion for judgment nunc pro tunc. Instead, appellant argues that the default protective order was (1) void because the trial court did not have subject matter jurisdiction and (2) alternatively, was "extinguished" upon the death of Tahana. The claims were raised to the trial court in appellant's supplemental motion to vacate as well as at the October 28, 2021 hearing.

A trial court may always correct clerical errors, but not judicial errors, by using a judgment nunc pro tunc. *See* TEX. R. CIV. P. 316, 329b(f); *see also Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986); *In re Heritage Operating, L.P.*, 468 S.W.3d 240, 247 (Tex. App.—El Paso 2015, orig. proceeding). Rule 306a of the Texas Rules of Civil Procedure governs the beginning of the period prescribed by those rules for the court's plenary power and for filing post-trial motions. *See* TEX. R. CIV. P. 306a(1). Rule 306a(6) pertains to nunc pro tunc orders:

> When a corrected judgment has been signed *after expiration of the court's plenary power* pursuant to Rule 316, the periods mentioned in paragraph (1) of this rule shall run from the date of signing the corrected judgment with respect to any complaint that would not be applicable to the original document.

TEX. R. CIV. P. 306a(6) (emphasis added). Rule 4.3(b) of the Texas Rules of Appellate

Procedure mirrors Rule 306a(6)'s provision pertaining to correction or reformation of a judgment pursuant to Rule 316 after expiration of plenary power:

> (b)      *After Plenary Power Expires.* If the trial court corrects or reforms the judgment under Texas Rule of Civil Procedure 316 *after expiration of the trial court's plenary power*, all periods provided in these rules that run from the date the judgment is signed run from the date the corrected judgment is signed for complaints that would not apply to the original judgment.

TEX. R. APP. P. 4.3(b) (emphasis added).

"Rule 316 of the Texas Rules of Civil Procedure permits a trial court to correct clerical mistakes in a judgment after notice has been provided to the interested parties." *Gutierrez v. Gutierrez*, 86 S.W.3d 721, 726 (Tex. App.—El Paso 2002, no pet.) (citing TEX. R. CIV. P. 316). A trial court's correction of a clerical error during the period of plenary power extends the appellate timetables. *See* TEX. R. CIV. P. 329b(h) ("If a judgment is modified, corrected[,] or reformed in any respect, the time for appeal shall run from the time the modified, corrected, or reformed judgment is signed."); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 313 (Tex. 2000). "Pursuant to civil Rules 306a(6) and 329b(h), and appellate Rule 4.3 . . . if the trial court corrects a clerical error after the court's plenary power has expired, no complaint can be made on appeal that could have been presented in an appeal from the original judgment." *Gutierrez*, 86 S.W.3d at 726 (citing TEX. R. CIV. P. 329b(h)).

In his second amended notice of appeal, appellant claims to be appealing the trial court's denial of his "Motion to Dismiss for Lack of Jurisdiction and Motion to Set Aside a Void Order and Alternatively, Motion to Dismiss Protective Order Due to Death of Applicant." We construe appellant's second amended notice of appeal as referencing his

9

October 25, 2021 supplemental motion to vacate, as appellant's arguments on appeal derive from said motion and not his September 13, 2021 original motion to vacate. In addition, appellant's second amended notice of appeal stated as follows: "Order for which this appeal has been perfected was entered on November 19, 2021." *See* TEX. R. APP. P. 25.2(d)(2) (requiring a notice of appeal to state the date of the judgment or order appealed from). The only order rendered by the trial court on November 19, 2021 was its order granting the State's motion for judgment nunc pro tunc and implicitly denying appellant's motions to vacate. The record does not contain a separate written order by the trial court denying appellant's supplemental motion to vacate.

As discussed supra, appellant's original and supplemental motions to vacate timely and properly invoked the trial court's extended plenary power under § 85.025(b). *See* TEX. FAM. CODE ANN. § 85.025(b); *Jackson*, 632 S.W.3d at 107. In these circumstances, we hold that civil Rules 306a(6) and 329b(h) and appellate Rule 4.3 do not apply to the November 19, 2021 order's implicit denial of appellant's supplemental motion to vacate. Therefore, we have jurisdiction to review the merits of appellant's issues.

### III.    STANDING

In his first issue, appellant argues that the default protective order is void because the trial court did not have jurisdiction when it signed and entered the order. Specifically, appellant claims that the State lacked standing to file an application for protective order on Tahana's behalf.

### A.    Standard of Review & Applicable Law

We review a challenge to the trial court's subject matter jurisdiction de novo. *Tex.*

10

*Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). A judgment entered without subject matter jurisdiction is void. *In re D.S.*, 602 S.W.3d 504, 520 (Tex. 2020). Standing is a component of subject matter jurisdiction and is thus "a constitutional prerequisite to suit." *Heckman v. Williamson County*, 369 S.W.3d 137, 150 (Tex. 2012) (citing *Sw. Bell Tel. Co. v. Mktg. on Hold Inc.*, 308 S.W.3d 909, 915 (Tex. 2010)). "Standing focuses on who may bring an action." *United Fire Lloyds v. Tippin ex rel. Tippin*, 396 S.W.3d 733, 735-36 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Patterson v. Planned Parenthood of Hous.*, 971 S.W.2d 439, 442 (Tex. 1998)). "In Texas, the standing doctrine requires a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court." *Heckman*, 369 S.W.3d at 154. "A court has no jurisdiction over a claim made by a plaintiff who lacks standing to assert it." *Id.* at 150 (citing *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex. 2008)). "Thus, if a plaintiff lacks standing to assert one of his claims, the court lacks jurisdiction over that claim and must dismiss it." *Id.* (citing *Andrade v. NAACP of Austin*, 345 S.W.3d 1, 14 (Tex. 2011)). "Similarly, if the plaintiff lacks standing to bring *any* of his claims, the court must dismiss the whole action for want of jurisdiction." *Id.* at 150–51 (citing *Crown Life Ins. v. Casteel*, 22 S.W.3d 378, 392 (Tex. 2000)). "[S]tanding cannot be waived and may be raised for the first time on appeal." *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 484 (Tex. 2018) (cleaned up).

Chapter 82 of the family code governs family-violence protective orders, and includes the following provisions regarding who may file an application for such an order:

    (a)    With regard to family violence under Section 71.004(1) . . . an adult member of the family or household may file an application for a

protective order to protect the applicant or any other member of the applicant's family or household.

. . . .

(d) In addition, an application may be filed for the protection of any person alleged to be a victim of family violence by:

(1) a prosecuting attorney; or

(2) the Department of Family and Protective Services.

(e) The person alleged to be the victim of family violence in an application filed under Subsection (c) or (d) is considered to be the applicant for a protective order under this subtitle.

TEX. FAM. CODE ANN. § 82.002.

## B. Discussion

In his brief, appellant points out that the State's application for protective order did not contain any affidavit from Tahana in compliance with § 82.009 of the Texas Family Code, and that Tahana suffered from dementia at the time the application was filed as evidenced by its two attached affidavits. Appellant argues that the State lacked standing to file its application because it did not have explicit consent from Tahana and acted as an "applicant" without authority under the Texas Family Code—therefore, according to appellant, the trial court's default protective order was void. Appellant characterizes his issue as a challenge to standing, however, we construe his argument as a challenge to the local district attorney's authority to represent Tahana.

Our primary goal in construing a statute is to ascertain and give effect to the legislature's intent. *MCI Sales & Serv., Inc. v. Hinton*, 329 S.W.3d 475, 499 (Tex. 2010). "Where [the] text is clear, text is determinative of that intent." *Entergy Gulf States, Inc. v.*

12

*Summers*, 282 S.W.3d 433, 437 (Tex. 2009) (citing *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006)). "This general rule applies unless enforcing the plain language of the statute as written would produce absurd results." *Id.* (citing *Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999)). In determining legislative intent, we look to the statute as a whole and not isolated portions. *In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008).

Here, the State's application for protective order sought the issuance of a protective order pursuant to Chapter 85 of the Texas Family Code as well as a temporary ex parte order. *See* TEX. FAM. CODE ANN. §§ 85.001–.065 (governing issuance of protective orders under the Family Code), 83.001–.006 (governing temporary ex parte protective orders under the Family Code). Under § 82.009 of the Texas Family Code, an application that requests the issuance of a temporary ex parte order under Chapter 83 must, among other things, be signed by each applicant under an oath that the facts and circumstances contained in the application are true to the best knowledge and belief of each applicant. *See id.* § 82.009(a)(2). Though appellant points out that the State's application was not in compliance with § 82.009, appellant's substantive complaints on appeal do not pertain to the trial court's temporary ex parte order issued under Chapter 83 or its extensions thereof. *See id.* §§ 83.001–.006. Rather, appellant's first issue relates only to the trial court's default protective order, which appellant in his brief "agrees . . . is a Chapter 85 protective order under Title 4 of the Family Code." Thus, the requirements of § 82.009 for an application for issuance of temporary ex parte orders are not relevant. *See id.* § 82.009.

As noted, under § 82.002, a prosecuting attorney may file an application for

protective order for the protection of any person alleged to be the victim of family violence, who is still considered the "applicant." *See id.* § 82.002(d)(1), (e). Nothing in the plain language of Chapter 82, including § 82.002, requires the State to have the applicant's explicit consent when filing an application for protective order for the applicant's protection. Appellant does not argue that enforcing the plain language of the statute as written would produce absurd results. *See Summers*, 282 S.W.3d at 437.

We note that the purpose of the family-violence protective order statute is not to correct past wrongs or establish liability but to give immediate protection to the applicant. *See Roper v. Jolliffe*, 493 S.W.3d 624, 634 (Tex. App.—Dallas 2015, pet. denied). Chapter 85 is remedial in nature and should be broadly construed to "effectuate its humanitarian and preventative purposes." *Boyd v. Palmore*, 425 S.W.3d 425, 430 (Tex. App.—Houston [1st Dist.] 2011, no pet.). We observe that reading into the statute an explicit consent requirement in the manner that appellant suggests would frustrate the statute's purpose in providing an expedited procedure for victims of domestic violence, particularly those who are incapable or without capacity to provide consent, such as a child or an adult with a mental disability.[5] Accordingly, the trial court's default protective order was not void due to lack of standing, nor was the State unauthorized to file a protective order on Tahana's behalf. We overrule appellant's first issue.

---

[5] In his brief, appellant cites Chapter 7B of the Texas Code of Criminal Procedure, which allows the State to file a protective order on behalf of victims of certain criminal offenses. *See* TEX. CODE CRIM. PROC. ANN. art. 7B.001–.008. Chapter 7B, effective January 1, 2021, was not in effect at the time the default protective order here was rendered, but former Chapter 7A was. Act of May 21, 2019, 86th Leg., R.S., ch. 469 §§ 1.02, 3.01(2), 4.03, 2019 Tex. Gen. Laws 1066, 1069, 1152. In any event, the provisions of Chapter 7A are inapplicable because the default protective order here was rendered pursuant to the Texas Family Code.

14

## IV. EXPIRATION OF ORDER UPON THE APPLICANT'S DEATH

In his second issue, appellant claims that the trial court's default protective order "extinguished" upon the death of applicant Tahana. Appellant specifically argues that the "default protective order under Chapter 85 of the Texas Family Code does not survive the death of applicant", "Chapter 85 of the Family Code does not address survivability of a protective order," and "If it were the intent of the Legislature to have the protective order survive the applicant, they would have written the statute to reflect it."

A court's ruling on a motion to vacate is reviewed under an abuse of discretion standard. *Enviropower, L.L.C. v. Bears, Stearns & Co.*, 265 S.W.3d 16, 19 (Tex. App.— Houston [1st. Dist.] 2008, no pet.). The trial court abuses its discretion if it acts "without reference to any guiding rules and principles." *Indus. Specialists, LLC v. Blanchard Ref. Co.*, 652 S.W.3d 11, 16 (Tex. 2022).

Under certain circumstances, § 85.025 of the Texas Family Code provides a trial court with discretion to render a protective order "sufficient to protect the applicant and members of the applicant's family or household" that exceeds two years in duration. *See* TEX. FAM. CODE ANN. § 85.025(a-1). Here, the duration of the default protective order was for the "duration of the lifetimes of both applicant[ Tahana] and [appellant]."

Evidence admitted at the hearing demonstrated that Tahana passed away on November 16, 2019, approximately two and a half months after the default protective order was signed. Chapter 85 contains no provision whereby a protective order is "extinguished" upon the death of an applicant. "We presume the Legislature 'chooses a statute's language with care, including each word chosen for a purpose, while

15

purposefully omitting words not chosen.'" *Cadena Comercial USA Corp. v. Texas Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 325–26 (Tex. 2017) (quoting *TGS–NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011)). "In that vein, we take statutes as we find them and refrain from rewriting the Legislature's text." *Id.* at 326 (citing *Summers*, 282 S.W.3d at 443). Thus, we presume that the Legislature purposefully omitted words from § 85.025 that would effectively "extinguish" a protective order upon the death of an applicant, and we refrain from "rewriting" the statute to include them. *See id.* at 325-26. Consequently, the default protective order did not "extinguish" upon Tahana's death.

Furthermore, under the plain language of § 85.025(b), a protective order remains in effect until its stated expiration date, absent a trial court's finding that protection is no longer needed upon review of a timely filed motion under that section. Here, the trial court denied appellant's motion; thus, even though applicant Tahana is deceased, the protective order remains in effect for the lifetime of appellant.[6] Appellant raises no other argument.[7] Accordingly, we hold the trial court did not abuse its discretion in denying appellant's motions to vacate.[8] *See Enviropower, L.L.C.*, 265 S.W.3d at 19; *Indus.*

---

[6] Family members can be "protected parties" of a protective order exceeding two-years duration and the grounds justifying the extended duration do not have to be directed at the family members. *See* TEX. FAM. CODE ANN. § 85.025 (a-1) (authorizing a court to issue a protective order sufficient to protect "members of the applicant's family or household"). In this case, the default protective order expressly stated the order was "necessary for the safety, welfare, and protection of Tahana Pratt-[L]opez and the members of her family and household" and was effective for a duration exceeding two years. It is undisputed that Ignacio, Tahana's husband, is a family member of applicant Tahana. Because the default protective order did not "extinguish" upon Tahana's death, Ignacio remains a "protected party" of the order. We note that, in rejecting appellant's motion, the trial court could have found that the protective order needed to remain in force for the protection of Ignacio.

[7] Appellant does not argue that the default protective order expired on its own terms and we do not address that issue as it is not properly before us.

[8] We note that appellant is not precluded from filing a subsequent motion for review under

16

*Specialists, LLC*, 652 S.W.3d at 16. We overrule appellant's second issue.

### V.    CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Concurring Memorandum Opinion
by Justice Silva.

Delivered and filed on the
27th day of April, 2023.

---

§ 85.025(b-1), provided the motion complies with the appropriate time requirements. *See* TEX. FAM. CODE ANN. § 85.025 (b-1).